IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| **DEXTER RAY ELLINGTON,** | : | |
| **Plaintiff** | : | |
| vs. | : | CIVIL NO. 1:13-CV-0107-WLS-TQL |
| **SHERIFF JOHN BOND, et. al.,** | : | |
| **Defendants** | : | |

## ORDER

Plaintiff Dexter Ray Ellington, a state prisoner currently confined at Telfair State Prison in Helena, Georgia, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). On June 27, 2013, the United States Magistrate Judge ordered Plaintiff to (1) pay an initial partial filing fee of $9.84; and (2) file a supplement to his Complaint. See Order (Doc. 6). Plaintiff was given twenty-one days to comply. When Plaintiff failed to respond to the June 27, 2013, Order, the Magistrate Judge entered a second order, dated August 5, 2013 (ECF No. 6), requiring Plaintiff to respond and show cause why his lawsuit should not be dismissed for failure to comply. The time for responding to the order to show cause has now passed, and Plaintiff has only partially responded.

In his Response (Doc. 8), Plaintiff alleges that he has in fact attempted to pay the filing fee. Plaintiff's Response, however, makes no reference to his failure to supplement his Complaint as ordered. It thus fails to explain why Plaintiff's Complaint should not be dismissed for failure to exhaust his administrative remedies. Of course, as the Court previously noted, "failure to exhaust administrative remedies" is an affirmative defense, and prisoners are not required to specially plead or demonstrate exhaustion in their complaint. Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct.

910, 166 L.Ed.2d 798 (2007). A complaint may be dismissed for failure to exhaust only "if the lack of exhaustion appears on the face of the complaint." Burns v. Warden, 482 F. App'x 414, 416 (11th Cir. 2012) (citing Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011)). "Otherwise, exhaustion and other affirmative defenses must be raised in a responsive pleading." Id.; see also Jones, 549 U.S. at 216.

Here, it is apparent, on the face of the Plaintiff's Complaint, that he did not exhaust his administrative remedies prior to the commencement this case. Question number 6(c) on the Court's standard § 1983 form asks if Plaintiff's complaints were presented to the institution as a grievance. (Doc. 1 at p. 2). Plaintiff answered "No" to this question and then wrote "no grievance filed" on the line provided. (Id.). Because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, Plaintiff was required to complete the entire administrative grievance procedure before initiating this suit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). Plaintiff's Complaint plainly shows that he failed to do that. The Complaint will therefore be **DISMISSED** without prejudice, pursuant to section 1997e, for failure to exhaust administrative remedies.

**SO ORDERED**, this   4th   day of September, 2013.

/s/ W. Louis Sands
W. LOUIS SANDS, JUDGE
UNITED STATES DISTRICT COURT

jlr